UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ONE WORLD, LLC, and GABRIEL CHALEPLIS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:20-cv-11580-JEK |
| NIKOLAOS ONOUFRIADIS, | ) ) ) | |
| Defendant. | ) ) ) | |

## ORDER OF DISMISSAL

**KOBICK, J.**

Plaintiffs One World, LLC, and Gabriel Chaleplis filed this action against defendant Nikolaos Onoufriadis seeking ex parte approval of a memorandum of *lis pendens* for a property located in Boston, Massachusetts. Four months after the Court issued the *lis pendens*, a related case involving the same parties to this action was removed to this Court. The Court remanded that related case after it became apparent that all of the parties were foreign citizens and, accordingly, the Court lacked subject matter jurisdiction under 28 U.S.C. § 1332(a). *See Onoufriadis v. One World, LLC*, No. 21-cv-10085-RWZ, 2022 WL 2392968, at *1-2 (D. Mass. May 23, 2022). This Court thereafter ordered the plaintiffs to show cause why this case should not likewise be dismissed for lack of subject matter jurisdiction. Having considered the plaintiffs' response and the parties' arguments, the Court dismisses this matter under Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction and, consequently, dissolves the *lis pendens* in accordance with M.G.L. c. 184, § 15.

## BACKGROUND

Plaintiffs One World and Chaleplis filed this action on August 24, 2020, seeking on an ex parte basis a memorandum of *lis pendens* for property located at 300 Pier 4 Boulevard, Suite 3J, Boston, Massachusetts 02210, or, in the alternative, a real estate attachment to that property. ECF 1. On September 2, 2020, the Court issued an ex parte order approving the memorandum of *lis pendens* pursuant to M.G.L. c. 184, § 15. ECF 11. The Court also earlier granted the plaintiffs' request to seal the case. ECF 7. Nothing further happened procedurally or substantively in the case until it was reassigned to this session in December 2023. ECF 17.

Around the same time the complaint was filed in this case, the same parties were involved in related litigation in two other federal cases. In one matter, filed in the United States District Court for the Southern District of New York in July 2020, One World and Chaleplis sued Onoufriadis and other defendants, alleging violations of state common law and the Racketeering and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968. *See One World, LLC v. Onoufriadis*, No. 20-cv-5802-CM (S.D.N.Y.). The second matter, which was originally filed in Suffolk Superior Court and involved only state law claims, was removed to this Court in January 2021 on the basis of diversity jurisdiction. *See Onoufriadis v. One World, LLC*, No. 21-cv-10085-RWZ (D. Mass.). Also in January 2021, the district court in New York dismissed the RICO claims under Federal Rule of Civil Procedure 12(b)(6) and concluded that because Chaleplis, One World, and Onoufriadis were all foreign citizens, it lacked diversity jurisdiction over the remaining state law claims and would not exercise supplemental jurisdiction over those claims. *One World, LLC v. Onoufriadis*, No. 20-cv-5802-CM, 2021 WL 184400 (S.D.N.Y. Jan. 19, 2021), *aff'd*, No. 21-cv-374, 2021 WL 4452070 (2d Cir. Sept. 29, 2021). In May 2022, this Court likewise concluded

that the parties' foreign citizenship defeated diversity jurisdiction and, accordingly, remanded the related case to state court. *See Onoufriadis*, 2022 WL 2392968, at *2.

After the underlying case was reassigned to this session, the Court, citing the related New York and Massachusetts decisions, ordered the plaintiffs to show cause why this case should not also be dismissed for lack of subject matter jurisdiction. ECF 20. The plaintiffs responded to that order on January 16, 2024, and the Court thereafter heard argument from the parties and ordered the case unsealed. ECF 25, 31-32.

## DISCUSSION

"[A] federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The complaint invokes 28 U.S.C. § 1332 as the basis for subject matter jurisdiction. The federal diversity statute gives district courts original jurisdiction of civil actions, as relevant here, between "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state," and in which the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a)(1)-(2). A foreign corporate entity is not a citizen of a State under § 1332(a). *See Kramer v. Caribbean Mills, Inc.*, 394 U.S. 823, 824 n.2 (1969). And "'to be a citizen of a State within the meaning of the diversity statute, a natural person must be both a citizen of the United States and be domiciled within the State.'" *Hearts With Haiti, Inc. v. Kendrick*, 856 F.3d 1, 2 (1st Cir. 2017) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989)) (emphasis omitted). Thus, "one [non-citizen] cannot sue another in a federal court unless a federal question is raised." *Doidge v. Cunard S.S. Co.*, 19 F.2d 500, 502 (1st Cir. 1927); *accord Yokeno v. Sekiguchi*, 754 F.3d 649,

3

657 (9th Cir. 2014); *Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 626-27 (7th Cir. 1998); *Auctus Fund, LLC v. Drone Guarder, Inc.*, 588 F. Supp. 3d 177, 183 (D. Mass. 2022).

Here, One World, Chaleplis, and Onoufriadis are all non-citizens for purposes of diversity jurisdiction. According to the verified complaint, Chaleplis "is a foreign citizen of the United Kingdom" and "the one hundred percent . . . member of One World." ECF 1, ¶ 2. Because the citizenship of a limited liability company "is determined by the citizenship of all of its members," One World is also a foreign citizen. *BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 693 (1st Cir. 2023) (internal quotation marks omitted). Onoufriadis, for his part, attested in an affidavit submitted in the related Massachusetts case that he is a citizen of Greece and a lawful permanent resident of the United States who lives in Massachusetts. *See* ECF 43-2, ¶¶ 1-3, 6, 8, *Onoufriadis v. One World, LLC*, No. 21-cv-10085-RWZ (D. Mass. June 25, 2021).[1] Under § 1332(a), an individual who is a lawful permanent resident is not a "citizen" of a "State." *See Cavalieri v. Avior Airlines C.A.*, 25 F.4th 843, 848 (11th Cir. 2022) (per curium); *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 127 (2d Cir. 2020); *Hearts With Haiti*, 856 F.3d at 2-3. Thus, as the courts held in the related Massachusetts and New York cases, § 1332(a) does not supply jurisdiction in this suit between One World and Chaleplis, citizens of the United Kingdom, on the one hand, and Onoufriadis, a citizen of Greece, on the other. *See Onoufriadis*, 2022 WL 2392968, at *2; *One World*, 2021 WL 184400, at *13.

The absence of subject matter jurisdiction requires dismissal of this case. Fed. R. Civ. P. 12(h)(3). And under M.G.L. c. 184, § 15, the dismissal of this case, in turn, necessitates dissolution

---

[1] This Court may take judicial notice of that affidavit because it bears on subject matter jurisdiction. *See Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002) ("'The Court can look beyond the pleadings—to affidavits and depositions—in order to determine jurisdiction.'" (quoting *White v. Comm'r of Internal Revenue*, 899 F. Supp. 767, 771 (D. Mass. 1995))).

4

of the *lis pendens*. *See Padula v. Freedom Mortg. Corp.*, No. 19-cv-11666-ADB, 2020 WL 6323078, at *4 (D. Mass. Oct. 28, 2020) (dissolving memorandum of *lis pendens* after dismissing the action); *Lo v. JPMorgan Chase Bank, N.A.*, No. 15-cv-40165-FDS, 2018 WL 3370622, at *6 (D. Mass. July 10, 2018), *aff'd*, No. 18-1706, 2020 WL 6777544 (1st Cir. July 31, 2020) (same). The plaintiffs resist this conclusion, contending that the issuance of the *lis pendens* amounted to the ultimate relief sought in the complaint and, effectively, final judgment in the case. ECF 25, at 2-4, 9. That argument is doubly mistaken. No final judgment has issued in the case, nor has any party requested that judgment enter. A memorandum of *lis pendens* is, moreover, merely "a tool meant to provide recorded notice of lawsuits that impact title to real property." *Sakab Saudi Holding Co. v. Aljabri*, 58 F.4th 585, 604 (1st Cir. 2023). It "allow[s] courts to retain control over the subject matter of the litigation while the action [i]s pending," but not after the action has been dismissed. *Wolfe v. Gormally*, 440 Mass. 699, 702-03 (2004). The plaintiffs' request that this Court simply "administratively close" the case and leave the *lis pendens* intact, ECF 25, at 10, is inconsistent with this clear precedent. *See Sakab Saudi Holding Co.*, 58 F.4th at 604-06; *Wolfe*, 440 Mass. at 702-03.

## CONCLUSION

For the foregoing reasons, this case is DISMISSED for lack of subject matter jurisdiction. This Court's earlier memorandum of *lis pendens* is hereby DISSOLVED.

SO ORDERED.

/s/ Julia E. Kobick
United States District Judge

Dated: February 20, 2024